UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAY LACY AVIATION, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>MTS HEALTH PARTNERS, L.P.,<br><br>Defendant. | Case No. 23-cv-9015<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by its attorneys Lewis Brisbois Bisgaard & Smith LLP, as and for its Complaint, alleges as follows:

### THE PARTIES

1.      Plaintiff Clay Lacy Aviation, Inc. is a corporation, organized and existing under the laws of California with its principal place of business at 7435 Valjean Avenue, Van Nuys, California.

2.      Upon information and belief, Defendant is a Limited Partnership organized under the law of Delaware, with its principal place of business at 623 Fifth Avenue, 14th Floor, New York, New York, and the partners of Defendant are all New York domiciliaries.

### JURISDICTION AND VENUE

3.      This Court has diversity jurisdiction because the amount in controversy exceeds $75,000 and parties are organized and have their principal place of business in different states and upon information and belief Defendant's partners are domiciled in a different state than that in which Plaintiff is organized and in which it has its principal place of business.

4.      Venue over the claims asserted herein is proper as agreed upon by the parties by contract and because Defendant has its principal place of business in this District.

130580401.1

## THE APPLICABLE FACTS

5.    Defendant holds a leasehold interest in a Gulfstream GIV-SP airplane, serial no. 1450-N435HC (the "Aircraft") for the use and operation thereof under FAR Part 91.

6.    Plaintiff held a leasehold interest in the Aircraft so that it would be able to operate the aircraft under FAR Part 135 for on-demand air charter operations.

7.    Plaintiff and Defendant entered into a written contract pertaining to the provision of joint use and aviation services in January 2022, with Plaintiff having signed same on January 10, 2022 and Defendant having signed same on January 18, 2022 (the "Agreement").

8.    Plaintiff duly performed all of its duties and obligations under the Agreement.

9.    Defendant failed to perform its duties and obligations under the Agreement, and breached the Agreement, including by failing to make payment for Plaintiff's invoices in the principal amount of $567,080.72.

10.    Plaintiff sent notice of termination of the Agreement as of April 19, 2022, on the grounds that it was unable to accommodate Plaintiff's operations going forward.

11.    Plaintiff has duly demanded from Defendant payment of the invoices due under the agreement, but Defendant has failed and refused to make payment.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

12.    Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 11 as though fully set forth herein.

13.    Defendant breached the Agreement by failing and refusing to perform its duties thereunder including to pay Plaintiff's invoices.

14.    Defendant did not timely dispute its indebtedness pursuant to any of Plaintiff's invoices.

15.     Plaintiff has been damaged in the amount of the unpaid invoices, which are now due and owing.

## SECOND CLAIM FOR RELIEF
## (OPEN BOOK ACCOUNT)

16.     Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 15 as though fully set forth herein.

17.     Defendant is indebted to Plaintiff on open book accounts for money due in the sum of $567,080.72, exclusive of interest.

18.     This sum which is the reasonable value of the service, labor and work, is due and unpaid despite Plaintiff's demands and issuance of invoices to Defendant, and the principal and interest accruing thereon from the dates of the invoices is now due, owing and remains unpaid.

## THIRD CLAIM FOR RELIEF
## (ACCOUNT STATED)

19.     Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

20.     Plaintiff duly rendered invoices to Defendant pursuant to the Agreement.

21.     Defendant did not timely dispute their indebtedness pursuant to any of Plaintiff's invoices.

22.     By virtue of the foregoing, an account was taken and stated pursuant to which Defendants owe Plaintiff the principal amount of $567,080.72, exclusive of interest.

23.     This sum, which is the reasonable value of the service, labor, and work performed on Defendant's behalf, is due and unpaid, despite Plaintiff's demand, the principal and interest from the dates of the invoices is now due and owing and remains unpaid.

## FOURTH CLAIM FOR RELIEF
### (QUANTUM MERUIT)

24.    Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 23 as though fully set forth herein.

25.    Plaintiff provided to Defendant work, labor and services which were rendered at the special instance and request of Defendant and for which Defendant promised to pay Plaintiff.

26.    The sum of $567,080.72, which is the reasonable value of the work, labor and services rendered, is due and unpaid despite Plaintiff's demand, plus interest from the date of the invoices.

## FIFTH CLAIM FOR RELIEF
### (UNJUST ENRICHMENT)

27.    Plaintiff realleges and incorporates all of the allegations contained in Paragraphs 1 through 26 as though fully set forth herein.

28.    Defendant was enriched and benefitted by Plaintiff's services on Defendant's behalf, all at the expense of Plaintiff which has not been paid or compensated for its services.

29.    It is against equity and good conscience to permit Defendant to retain that benefit without paying Plaintiff the fair and reasonable value for those necessary services in the amount of $567,080.72, plus interest from the dates of the invoices.

WHEREFORE, Plaintiff respectfully requests entry of judgment against Defendant in Plaintiff's favor as follows:

(1)    On the First Claim for Relief, awarding Plaintiff $567,080.72 with interest according to proof from the date the invoices were issued to the date of judgment;

(2)    On the Second Claim for Relief, awarding Plaintiff $567,080.72 with interest according to proof from the date the invoices were issued to the date of judgment;

(3)     On the Third Claim for Relief, awarding Plaintiff $567,080.72 with interest according to proof from the date the invoices were issued to the date of judgment;

(4)     On the Fourth Claim for Relief, awarding Plaintiff $567,080.72 with interest according to proof from the date the invoices were issued to the date of judgment;

(5)     Awarding Plaintiff the costs and disbursements of this Action, including reasonable attorneys' fees; and

(6)     Granting such other and further relief as is just and proper.

Dated: New York, New York
         October 13, 2023

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS FOR PLAINTIFF

By: /s/ Peter T. Shapiro
     Peter T. Shapiro
     77 Water Street, 21st Floor
     New York, New York  10005
     (212) 232-1300
     Peter.Shapiro@lewisbrisbois.com